# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| KARA MARIE CRAPSER,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF IOWA,[1]<br><br>    Respondent. | No. C17-3068-LRR<br><br>ORDER |

    This matter is before the court pursuant to the petitioner's application for a writ of habeas corpus (docket no. 1). The petitioner submitted such application on August 11, 2017.[2]

    The petitioner neither paid the required $5.00 filing fee, *see* 28 U.S.C. § 1914, nor submitted an application to proceed in forma pauperis. Accordingly, the petitioner did not properly commence this action, and it is subject to dismissal on this basis. Nonetheless, the petitioner shall be directed to submit the $5.00 filing fee within 30 days of the date of this order.

    Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of the application for a writ of habeas corpus and summarily dismiss it, order

---

[1] The petitioner brings this action against the State of Iowa, but the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." 28 U.S.C. § 2243; *see also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named the State of Iowa as the respondent.

[2] The petitioner signed her application for a writ of habeas corpus on July 28, 2017.

a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application for a writ of habeas corpus without ordering a response if it plainly appears from the face of such application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

Applications for habeas corpus relief are subject to a one-year statute of limitation as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period [. . .] begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).[3] It is clear that the statute of limitation started to run in 2012, that is, the year in which the petitioner opted not to file a direct appeal and her conviction for murder in the second degree became final. *See Crapser v. State*, No. 16-0595, 2017 Iowa App. LEXIS 158 (Iowa Ct. App. Feb. 8, 2017); *State v.*

---

[3] 28 U.S.C. § 2244(d)(1) provides:
>A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Crapser*, Case No. FECR010074 (Wright Cnty. Dist. Ct. 2012);[4] *see also* 28 U.S.C. § 2244(d)(1)(A) (specifying that the 1-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (stating that the 90 days is not applicable and the one-year statute of limitation under 28 U.S.C. § 2254 runs from the date procedendo issued if the petitioner's direct appeal does not contain a claim that is reviewable by the Supreme Court); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).

Due to the one-year statute of limitation under 28 U.S.C. § 2254, the petitioner's application for a writ of habeas corpus is only timely if the period was "tolled" for all but a period of less than one year between 2012, that is, the year that the petitioner's conviction became final, and July 28, 2017, that is, the date that the petitioner filed the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). Post-conviction relief actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" post-conviction relief action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal

---

[4] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis,* 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, *provided that* the filing of the notice of appeal is timely under state law"); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

After the petitioner's conviction became final in 2012, the petitioner filed a state post-conviction relief action on August 7, 2014, and procedendo issued with respect to such action on March 29, 2017. *See Crapser v. State*, Case No. PCCV024088 (Wright Cnty. Dist. Ct. 2016). After her state post-conviction relief action became final, the petitioner waited until July 28, 2017 to file this action. Hence, the petitioner did not pursue any type of state post-conviction relief for significant periods of time. *See* 28 U.S.C. § 2244(d)(2) (explaining that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending [is not counted] toward any period of limitation"). Given the period of time that the petitioner sought state post-conviction relief, it is clear that over one year, that is, approximately 30 months, passed without any portion of the applicable period being tolled. Indeed, because the petitioner's conviction became final in 2012 and she waited until August 7, 2014 to file a state post-conviction relief action, the statute of limitation ran before she ever sought state post-conviction relief.[5]

---

[5] The court notes that the issues asserted in the petitioner's state post-conviction relief action do not overcome the one-year period of limitation. *See Crapser v. State*, Case No. PCCV024088 (Wright Cnty. Dist. Ct. 2016); *see also* 28 U.S.C. § 2244(d)(1)(A)-(D) (specifying that the 1-year period of limitation runs from the latest of four dates). The
(continued…)

4

Because the one-year statue of limitation contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling may apply. *See King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (observing that equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result"); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (stating that equitable tolling is reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the [respondent] has lulled the [petitioner] into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir.1993)). In this case, the petitioner presents no extraordinary circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (clarifying that a party who seeks to invoke equitable tolling bears the burden of establishing the basis for it).

---

[5](…continued)
court also notes that the one-year statute of limitation contained in 28 U.S.C. § 2244 bars a petitioner from filing a federal application for a writ of habeas corpus under 28 U.S.C. § 2254 if one year or more of the three-year period for filing a state application for post-conviction relief under Iowa Code section 822 lapses. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003) (applying *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)); *see also Boston v. Weber*, 525 F.3d 622, 626 (8th Cir. 2008) (reiterating that *Painter* is consistent with the plain language of 28 U.S.C. § 2244).

Based on the foregoing, the petitioner's application for a writ of habeas corpus shall be denied as untimely. Judgment shall be entered in favor of the respondent. As for a certificate of appealability, the petitioner has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The petitioner is directed to submit the $5.00 filing fee within 30 days of the date of this order.

(2) The petitioner's application for a writ of habeas corpus is denied.

(3) The clerk's office is directed to enter judgment in favor of the respondent.

(4) A certificate of appealability is denied.

**DATED** this 14th day of August, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA